# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1890V
(not to be published)

|  |  |
|---|---|
| DONNA M. WINTERS,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 16, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Richard H. Moeller, Moore, Corbett, Moeller & Meis, L.L.P., Sioux City, IA, for Petitioner.*

*Mary Eileen Holmes, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 17, 2020, Donna M. Winters filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration after receiving an influenza vaccine on November 17, 2019. Petition at 1. On December 23, 2022 a decision was issued awarding compensation to Petitioner based on the parties' stipulation.   ECF No. 45.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated January 3, 2023 (ECF No. 47), requesting a total award of $42,541.02 (representing $41,517.60 in fees and $1,023.42 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred out-of-pocket expenses in the amount of $51.32. ECF No. 48-1. Respondent reacted to the motion on January 12, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 51. Petitioner filed a reply on January 12, 2023, requesting the Court award all fees and costs requested in Petitioner's motion. ECF No. 52.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $42,592.34[3] as follows:**

- **A lump sum of $42,541.02, representing reimbursement for fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Richard H. Moeller; and**

- **A lump sum of $51.32, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.